IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |
|---|---|
| ROBIN HOUSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:13-CV-00206-TWT |
| vs. ) | |
| ) | |
| PUBLIX SUPER MARKETS, INC. ) | |
| ) | |
| Defendant. ) | |

**THIRD-PARTY ML HEALTHCARE SERVICES, LLC'S MOTION
TO QUASH SUBPOENA AND MEMORANDUM
<u>OF LAW IN SUPPORT THEREOF</u>**

Pursuant to Federal Rule 45(c)(3) ML Healthcare Services, LLC ("MLH") files this Motion to Quash Subpoena issued to non-party MLH by Publix Super Markets, Inc. ("Publix"), which requests the production of highly confidential and irrelevant records (hereinafter, the "Subpoena"). A true and correct copy of the Subpoena is attached hereto as Exhibit A and MLH's objections are attached as Exhibit B.

## BACKGROUND

I.   **MLH's Business**

MLH is not a party to the underlying litigation, which is a personal injury tort case brought by Plaintiff against Publix.  MLH, while not itself a healthcare provider, provides access to medical services to certain injured plaintiffs who are unable to afford those services as a result of being uninsured or financially incapable, and because Publix refused to provide the claimant medical coverage for the injuries.

When MLH is presented with an opportunity to provide access to medical services to a particular plaintiff, MLH evaluates the injured party's tort claim to evaluate its potential merit.  (*See* Declaration of Brian Craver, CEO of MLH, attached hereto as Exhibit C, ¶ 3.)   If MLH is satisfied that the tort claim has merit, it refers the injured party to a medical provider which is in MLH's network.  (*Id.*)   The medical provider in MLH's network may (but is not required to) sell the medical receivable to MLH at a discounted rate specified in MLH's contract with the provider.  (*Id.* ¶ 4.)   The provider has no financial or other interest in the outcome or continuance of the litigation.  (*Id.* ¶ 6.)   MLH also has no financial interest in the outcome of the litigation.   (*Id.*)

Pursuant to a Distribution Agreement between Plaintiff and MLH, the Plaintiff is to pay MLH the full value of the medical receivable, not the discounted price MLH paid for the receivable.  (*Id.* ¶ 10.)  Even if Plaintiff does not receive any proceeds from the litigation, Plaintiff is liable for payment of the medical bills, in their entirety, to MLH.  (*Id.*)

## II.     The Subpoena

On or around March 4, 2014, Publix served the Subpoena on MLH.  The subpoena seeks testimony on certain topics and seeks certain documents that are highly confidential and irrelevant to this case, the disclosure of which would have serious competitive ramifications and a material adverse impact on MLH's business.

MLH's corporate counsel attempted to resolve the issues regarding the particular topics and document requests without filing a motion to quash.  In particular, MLH's corporate counsel contacted Publix's counsel and offered to have an MLH representative testify on non-confidential and relevant topics and for MLH to produce non-confidential documents.

Unfortunately, despite MLH's attempts to resolve these issues, Publix continues to seek MLH's highly confidential and proprietary information.  Thus, MLH files this motion to quash.

## ARGUMENT

**I. Certain Deposition Topics and Document Requests Should be Quashed Because They Seek MLH's Trade Secrets and Highly Confidential Business Information.**

Under Federal Rule 45(c)(3)(B)(i), "the issuing court may, on motion, quash or modify a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information." A trade secret includes, but is not limited to technical or nontechnical data, a formula, a pattern, a compilation, a program, a device, a method, a technique, a drawing, a process, financial data, financial plans, or product plans which is not commonly known by or available to the public and which information derives economic value from not being generally known and is the subject of reasonable efforts to maintain its secrecy. O.C.G.A. § 10-1-761(4).

Here, Publix seeks to discover MLH's agreements with the Medical Providers and MLH's decision making process by which ML Healthcare determines whether to enter into any agreement with Plaintiff. (*See* Ex. A, Topics 7-8, 11-12 and Document Requests 7-8, 11-12.) Both are highly confidential.

First, MLH's contracts with the Medical Providers and MLH's decision making process are trade secrets in that they are methods, techniques, financial plans, or product plans which MLH protects from disclosure to third parties. Their

disclosure to competitors would result in those parties obtaining an unfair commercial advantage by allowing competitors to discover how MLH conducts business, how MLH evaluates cases, and how MLH determines what it will pay for receivables. Such information is at the heart of MLH's trade secrets.

MLH CEO Brian Craver explains in his declaration the importance to MLH of keeping this information confidential. (See Exhibit C ¶¶ 13-15.) In his declaration, Mr. Craver attests that the disclosure of such information would have serious competitive ramifications and a material adverse impact on MLH's business because competitors can use that information to learn what MLH is willing to pay for receivables and use that to gain an advantage over MLH in the marketplace. (*Id.* ¶ 13.)

Second, MLH's process for evaluating a plaintiff's claim is highly confidential and proprietary. MLH does not accept all opportunities that it has to provide funding. (*Id.* ¶ 14.) MLH has a decision making process to determine what best fits MLH. (*Id.*) MLH's process for evaluating a claim is extremely valuable to MLH and has evolved over the years. (*Id.* ¶ 15.) The disclosure of such information would allow MLH competitors to gain a competitive advantage over MLH. (*Id.*) It would also provide Plaintiff's counsel's work product,

including his evaluation of the case, to Defendants, which would improperly compromise Plaintiff counsel's work product.  (*Id.* ¶ 16.)

Given that the contracts have no relevance to the underlying litigation (as explained further below), seek highly confidential and proprietary information the disclosure of which would cause MLH serious harm, and seek work product, the Court should quash these topics and document requests and not require MLH to disclose this information.

**II.     The Requests Should be Quashed Because They Seek Irrelevant and Inadmissible Information Barred by the Collateral Source Rule**.

Publix also requests testimony and documents relating to amounts MLH paid to Peachtree Orthopedics and Neurodiagnostic Clinic (collectively, "Medical Providers") over the last five years related to receivables for any persons' care, not just Plaintiff.  (Request Nos. 11-12.)

As an initial matter, requesting information for five years and all persons, besides is too broad, overly burdensome, and totally irrelevant to this case.  With regard to seeking how much MLH paid for Plaintiff's receivables in particular, that is barred by the Collateral Source Rule.

The Georgia Supreme Court has specifically held that evidence of a third-party's payment of medical bills incurred by a plaintiff allegedly as a result of a tort is <u>not</u> admissible or relevant as to the issue of damages, and found that a

former Georgia statute rendering such evidence admissible was unconstitutional. *Denton v. Con-Way Couthern Exp., Inc.*, 261 Ga. 41, 43 & 45-46 (1993); *see also Wardlaw v. Ivey*, 297 Ga. App. 240, 244 (2009) ("a claimant may sue a tortfeasor and seek recovery for damages caused by tortious conduct even if the claimant has been reimbursed by his insurer"); *Hoeflick v. Bradley*, 282 Ga. App. 123, 124 (2006) ("[A] tortfeasor is not allowed to mitigate its liability by collateral sources provided by others. The collateral source rule applies to payments made by various sources including insurance companies, beneficent bosses, or helpful relatives."); *Adkins v. Knight*, 256 Ga. App. 394, 396 (2002) ("A tortfeasor cannot diminish the amount of his liability by pleading payments made to the plaintiff under the terms of a contract between the plaintiff and a third party who was not a joint tortfeasor.").

In other words, it is entirely irrelevant to this case if Plaintiff has had her medical costs partially paid for by insurance or any third-party, including MLH. Since the information is irrelevant and ultimately inadmissible in this case, Publix should not be permitted to obtain the information from MLH.

**III.   Certain Topics and Document Requests Should be Quashed Because They Are Overly Broad and Are Intended to Harass and Annoy MLH.**

Federal Rule 45(c)(3)(A)(iv) states that the Court must quash or modify a subpoena that imposes undue burden on a person. Further, the party serving the

subpoena must take reasonable steps to avoid imposing an undue burden on a subpoenaed party. Fed. R. Civ. P. 45(c)(1).

The requests that are overbroad and sought for purposes of harassment are the ones seeking: (1) MLH's corporate structure and members (Request No. 10); and (2) gross money paid to certain medical providers over a five year period (Request Nos. 11-12).

With regard to corporate structure, MLH is not party to this case. MLH's corporate structure and its members (owners) cannot possibly be relevant.

With regard to the gross money paid to providers over a five year period (which would also relate to other persons beyond plaintiffs), Defendant is seeking information irrelevant to this case that is overly burdensome to produce and is confidential to MLH. Ultimately, these requests are overbroad, intended to harass and annoy MLH, and should be quashed.

**IV.    Without Waiving Any of the Foregoing Objections, MLH Will Provide a Witness and Produce Documents Related to the Below.**

MLH is willing to testify in regard to the following topics and to provide documents on the following topics that may be relevant to Plaintiff's case:

      a.    Distribution Agreement between MLH and Robin Houston;

      b.    Medical provider bills;

      c.    Various diagnostic documents.

Ultimately, MLH is willing to appear for a deposition on certain topics and produce documents (such as the above items) that could be relevant to Plaintiff's case, but MLH respectfully requests the Court's protection from having to produce other highly confidential and irrelevant documentation.

WHEREFORE, MLH prays that the Court quash the Subpoena to the extent that any deposition topic or document request in the subpoena seeks information related to: (1) how much MLH has paid to any of Plaintiff's providers, (2) MLH's agreement with any of Plaintiff's providers, (3) MLH's process for evaluating Plaintiff's claims, and (4) MLH's corporate structure and members.  Thus, MLH requests that the Court quash deposition topics 7-8, 10, 11, and 12 and document requests 7-8, 10, 11, and 12.[1]

This 28th day of March, 2014.

/s/ Jason S. Alloy
Jason S. Alloy
Georgia Bar No. 013188
Heather H. Sharp
Georgia Bar No. 671545
ROBBINS ROSS ALLOY BELINFANTE
    LITTLEFIELD LLC
999 Peachtree Street, N.E.
Suite 1120

---

[1] To the extent other topics and requests seek the same objectionable information, MLH requests that those portions of the topics and requests likewise be quashed.

Atlanta, Georgia 30309
Telephone: 678-701-9381
Facsimile:  404-856-3250

*Attorneys for Non-Party MLH*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and foregoing **NON-PARTY ML HEALTHCARE SERVICES, LLC'S MOTION TO QUASH SUBPOENA AND MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all attorneys of record.

This 28th day of March, 2014.

/s/ Jason S. Alloy
Jason S. Alloy