IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBIN HOUSTON,

    Plaintiff,

      v.

PUBLIX SUPERMARKETS, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-206-TWT

**OPINION AND ORDER**

This is a personal injury action.  It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 146], the Defendant's Motion for Partial Summary Judgment or, in the Alternative, Motion to Add ML Healthcare Services, LLC [Doc. 148], and the Plaintiff's Motion to Strike Answer, or Fact and Issue Preclusion [Doc. 166]. For the reasons stated below, the Defendant's Motion for Summary Judgment is DENIED. The Plaintiff's Motion to Strike Answer, or Fact and Issue Preclusion is DENIED. The Defendant's Motion for Partial Summary Judgment is DENIED.

T:\ORDERS\13\Houston\msjtwt.wpd

# I. Background

On July 24, 2012, the Plaintiff, Robin Houston, visited a Publix Supermarket in McDonough, Georgia.[1] The Plaintiff claims that while she was in aisle 13, the dairy aisle, she slipped and fell in water.[2] She testified that she was paying attention to where she was going, but did not see the water before she fell.[3] After the incident, the Plaintiff claims that she could see small puddles of water on the floor.[4] Three Publix employees inspected the floor after the fall and could see no water.[5]

Multiple Publix employees also inspected the floor prior to the fall. From 7:28 A.M. to 7:29 A.M., Tiffany Roy, a Customer Service Manager, inspected aisle 13.[6] At that time, there was no water on the floor.[7] Ms. Roy walked through the area in which the Plaintiff fell.[8] At 7:34 A.M., Garrett Peterson walked down aisle 13 and saw

---

[1] Pl.'s Statement of Facts ¶ 1.

[2] Id.

[3] Id. ¶¶ 2-3.

[4] Id. ¶ 3.

[5] Roy Decl. ¶¶ 7-8; Beauvais Decl. ¶¶ 6-7; Peterson Decl. ¶ 10.

[6] Roy Decl. ¶¶ 5-6.

[7] Id. ¶ 6.

[8] Kennett Decl. ¶ 8, Ex. D.

no water on the floor, despite scanning the area to look for hazards.[9] From 7:42 A.M.

to 7:44 A.M., Tony Brock, a Publix bread vendor, pushed bread trays through aisle

13.[10] Mr. Brock stated that the bread carts were dry, and he does not recall seeing any

water on the floor.[11] Additionally, at 7:50 A.M., Mr. Peterson dust mopped aisle 13

while scanning for hazards.[12] At that time, there was no water on the floor.[13] All of the

employees stated that if they had seen a hazard, they would have removed it or

notified someone else to remove it while waiting with the hazard.[14] The Plaintiff fell

at 7:54 A.M., just four minutes after the last inspection.[15] After the fall, at

approximately 8:02 A.M., Ronald Beauvais, a Publix employee, cleaned up a small

spot of milk from the floor, about five feet from the area of the fall.[16] The Plaintiff

filed suit in the State Court of Gwinnett County, Georgia, asserting a negligence claim

---

[9]     Peterson Decl. ¶¶ 8-9.

[10]     Brock Decl. ¶ 4.

[11]     Id. ¶¶ 4-5.

[12]     Peterson Decl. ¶ 9.

[13]     Id.

[14]     Brock Decl. ¶ 5; Roy Decl. ¶ 6; Peterson Decl. ¶ 7.

[15]     Def.'s Statement of Facts ¶ 10.

[16]     Kennett Decl. ¶¶ 6, 9; Beauvais Decl. ¶ 7; Roy Decl. ¶¶ 7-8.

against the Defendant Publix Supermarkets. Publix removed the case to this Court and now moves for summary judgment.

## II. Legal Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.[17] The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant.[18] The party seeking summary judgment must first identify grounds to show the absence of a genuine issue of material fact.[19] The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.[20] "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party."[21]

---

[17]   FED. R. CIV. P. 56(a).

[18]   Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970).

[19]   Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

[20]   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

[21]   Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).

## III. Discussion

**A.      The Defendant's Motion for Summary Judgment**

**1.      Spoliation**

The Plaintiff alleges that Publix should be sanctioned for preserving only an hour of video footage surrounding the fall at issue here. Spoliation sanctions are governed by federal law, but informed by state law.[22] Georgia law on spoliation is consistent with federal law.[23] Georgia courts assess five factors in determining whether spoliation sanctions are warranted: (1) prejudice to the defendant as a result of the destruction of evidence, (2) whether any prejudice can be cured, (3) the importance of the evidence, (4) whether the spoliator acted in good or bad faith, and (5) the potential for abuse if expert testimony about the evidence was not excluded.[24]

There is no evidence that the missing video prejudices the Plaintiff. The preserved video shows thirty minutes prior to the fall and after the fall, including the entire time the Plaintiff was in the store. Additionally, as discussed below, there is no indication that more video pre-fall would have any relevance whatsoever. Further,

---

[22]      Heath v. Wal-Mart Stores East, LP, 697 F. Supp. 2d 1373, 1377 (N.D. Ga. 2010).

[23]      Id.

[24]      Bridgestone/Firestone N. Am. Tire, LLC v. Campbell, 258 Ga. App. 767, 768-69 (2002).

there is no evidence that Publix acted in bad faith. Rather, Publix followed its video retention policy the day after the incident – July 25.[25] No spoliation letters were sent requesting more footage until the middle of August.[26] This Court therefore declines to impose any sanctions on Publix. Furthermore, the Plaintiff's Motion to Strike Answer should be denied because this Court finds that there was no spoliation warranting sanctions.

### 2.    Negligence Claim

Under Georgia law, "[w]here an owner or occupier of land, by . . . invitation, induces . . . others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."[27] The owner's duty to exercise ordinary care "requires the owner to protect the invitee from unreasonable risks of harm of which the owner has superior knowledge and to inspect the premises to discover possible dangerous conditions of which the owner does not have actual knowledge."[28]

---

[25]    Pl.'s Statement of Facts ¶ 61.

[26]    Id. ¶ 63.

[27]    O.C.G.A. § 51-3-1.

[28]    Kauffman v. Eastern Food & Gas, Inc., 246 Ga. App. 103, 104 (2000); see also Robinson v. Kroger Co., 268 Ga. 735, 740 (1997) ("The owner/occupier is . . . required . . . to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters" and "[t]his includes inspecting

In the context of slip-and-fall cases, "[t]o prove negligence . . . the plaintiff must show (1) the defendant had actual or constructive knowledge of the foreign substance and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it."[29]

Here, there is no evidence that Publix had actual knowledge of the alleged foreign substance on the floor. In fact, every Publix employee who had been in the area testified that they saw nothing on the floor. Instead, the Plaintiff must demonstrate a genuine issue of material fact regarding the Defendant's constructive knowledge of the substance. Constructive knowledge may be shown if (1) "an employee of the defendant was in the immediate area of the hazard and could have easily seen it, or (2) . . . the foreign substance remained long enough that by ordinary diligence the defendant should have discovered it."[30] Because a Publix employee, Mr. Beauvais, was in the immediate area of the incident, there is a genuine issue of fact as to whether Publix had constructive knowledge of the puddle of water.

---

the premises to discover possible dangerous conditions of which the owner/occupier does not have actual knowledge, and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or use of the premises.").

[29]  Shepard v. Winn Dixie Stores, Inc., 241 Ga. App. 746, 747 (1999).

[30]  Mock v. Kroger Co., 267 Ga. App. 1, 2 (2004).

The Georgia courts have repeatedly held that "regardless of any inspection program, when a proprietor has shown that an inspection occurred within a brief period prior to an invitee's fall, . . . the inspection procedure was adequate as a matter of law."[31] When a defendant presents evidence that the area was inspected immediately prior to a slip-and-fall incident, any attack on that defendant's inspection procedures is without merit.[32] Inspections as long as thirty minutes before a fall have been considered reasonable as a matter of law.[33] Here, Ms. Roy inspected the aisle twenty-five minutes before the fall and Mr. Peterson inspected the aisle a mere four minutes before the fall. The bread vendor, Mr. Brock also testified that he was in the aisle ten minutes before the fall and that there was no water on the floor. The video of the incident confirms that these inspections took place. However, the Plaintiff's testimony that there was a puddle of water on the floor creates a genuine issue of fact as to whether the inspections were adequate and reasonable.

---

[31]    Medders v. Kroger Co., 257 Ga. App. 876, 878 (2002).

[32]    Matthews v. The Varsity, Inc., 248 Ga. App. 512, 513 (2001).

[33]    See, e.g., Funez v. Wal-Mart Stores East LP, No. 1:12-cv-0259-WSD, 2013 WL 123566, at *5 (N.D. Ga. Jan. 9, 2013) (collecting cases).

## IV. Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 146] is DENIED, the Defendant's Motion for Partial Summary Judgment or, in the Alternative, Motion to Add ML Healthcare Services, LLC [Doc. 148] is DENIED, and the Plaintiff's Motion to Strike Answer, or Fact and Issue Preclusion [Doc. 166] is DENIED.

SO ORDERED, this 31 day of December, 2014.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge