IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBIN HOUSTON,

   Plaintiff,

    v.

PUBLIX SUPERMARKETS, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:13-CV-206-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Plaintiff Robin Houston's First Motions in Limine [Doc. 185]. The Court held a telephone conference on this matter on July 24, 2015. The Plaintiff moves to exclude any evidence of the relationship between her doctors and ML Healthcare Services, LLC, and any evidence of her relationship with ML Healthcare. ML Healthcare is a litigation investment company that purchases medical bills from providers at a discount in order to finance medical treatment and litigation. In Georgia, the collateral source rule "bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability

T:\ORDERS\13\Houston\miltwt.wpd

and damages for such payments."[1] The rationale for this rule is that "a tortfeasor is not allowed to benefit by its wrongful conduct or to mitigate its liability by collateral sources provided by others."[2] The Georgia Supreme Court and Georgia Court of Appeals have acknowledged, however, that when a witness gives false evidence relating to a material issue in a case, collateral source evidence may be admissible for impeachment purposes.[3] "It is in the trial court's discretion to weigh the effect of the collateral source evidence before ruling on its admissibility."[4]

Here, the Defendant seeks to admit evidence of ML Healthcare's payment of some of the Plaintiff's medical bills not for the purpose of mitigating its damages because of a third-party payment, but rather for the purpose of attacking the credibility of causation testimony given by the Plaintiff's expert witnesses and for showing the reasonable value of medical services. Causation is a material issue in any tort case. ML Healthcare referred the Plaintiff to two of her doctors, Dr. Ugwonali and Dr. Hunter. The Defendant expects these doctors to testify that the Plaintiff's injuries were caused by the slip and fall at issue here. The Defendant plans to argue that those

---

[1] Kelley v. Purcell, 301 Ga. App. 88, 91 (2009).

[2] Id.

[3] Id. at 90 (citing Warren v. Ballard, 266 Ga. 408, 410 (1996)).

[4] Id.

causation opinions were affected by a desire to continue receiving referrals from ML Healthcare. Testimony about ML Healthcare's relationship with those doctors is admissible for the purpose of attacking the credibility of their opinions.

In addition, the Plaintiff admits that the Defendant may challenge the reasonableness of medical bills. The Georgia Supreme Court recently noted that a fairminded juror can consider the difference between the price charged to insured and uninsured customers when determining the reasonable value of medical bills.[5] The Plaintiff argues that evidence shows that ML Healthcare purchased the medical bills from the providers at a discount, but then the providers billed ML Healthcare for an increased amount. The Plaintiff is now requesting damages in the full amount of those bills, not the discounted amount. The Court finds here that evidence of the relationship between ML Healthcare and the Plaintiff's physicians is relevant for the jury to consider in determining the reasonable value of medical services provided.

Furthermore, the Court finds that ML Healthcare is not in the nature of a traditional collateral source. Unlike an insurance company, to which the Plaintiff would pay premiums, ML Healthcare serves as an investor in the lawsuit and receives no payment from the Plaintiff until after the lawsuit. Furthermore, the Defendant does

---

[5] Bowden v. Medical Center, Inc., No. S14G1632, 2015 WL 3658819, at *5 (Ga. June 15, 2015).

not seek to offer evidence of the relationships between ML Healthcare and the Plaintiff and ML Healthcare and the Plaintiff's doctors in order to reduce its liability, but rather to attack the credibility of the Plaintiff's experts and the reasonable value of medical services. Weighing the effect of this testimony, the Court finds that it is highly relevant and probative. The Court will instruct the jury that it is not to consider collateral source payments in any award of reasonable and necessary medical expenses. The Plaintiff's First Motions in Limine [Doc. 185] is therefore DENIED with respect to ML Healthcare. The Court reserves ruling on the remainder of the motion.

SO ORDERED, this 29 day of July, 2015.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge